**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **WILLIAM H. CORLEW, JR., #105585,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:15-cv-00656** |
| | ) | **Chief Judge Sharp** |
| **GOVERNMENT-HOUSING** | ) | |
| **NASHVILLE,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**M E M O R A N D U M**

Plaintiff William H. Corlew, Jr., an inmate at the Davidson County Sheriff's Office in Nashville, Tennessee, brings this *pro se, in forma pauperis* action pursuant to 42 U.S.C. § 1983 against "Government-Housing Nashville," Tierra Priddly, and Home Mission Haven Apartments, alleging that his application for government housing at the Home Mission Haven Apartments was denied due to his HIV status, criminal background, and race in violation of his Constitutional rights. (Docket No. 1).

The plaintiff's complaint is before the Court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

**I.      PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief.  Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary

dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III.    Section 1983 Standard

Plaintiff Corlew seeks relief pursuant to § 1983.  To state a claim under § 1983, the plaintiff must allege and show:  (1) that he was deprived of a right secured by the Constitution or laws of the

United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

IV.     **Alleged Facts**

The complaint alleges that, on February 14, 2014, the plaintiff applied for government housing at the Home Mission Haven Apartments. Tierra Priddy, manager of the Home Mission Haven Apartments, gave the plaintiff a housing application and assured the plaintiff that his eligibility for housing "was no problem." However, upon the plaintiff's disclosure of his HIV status, Ms. Priddy told the plaintiff that he was ineligible for housing at the Home Mission Haven Apartments. When the plaintiff told Ms. Priddy that denying him housing on account of his HIV status was discrimination, Ms. Priddly told the plaintiff that he could not stay there because of his criminal background. (Docket No. 1 at p. 3).

V.      **Analysis**

The plaintiff's complaint is brought pursuant to § 1983. The statute of limitations for a § 1983 action is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claims arises." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). The limitations period for § 1983 actions arising in Tennessee is the one-year limitations provisions found in Tennessee Code Annotated § 28-3-104(a). *Porter v. Brown,* 289 Fed. Appx. 114, 116 (6th Cir. 2008).

Here, the complaint advances § 1983 claims against three defendants based on the

defendants' denial of the plaintiff's application for government housing on February 14, 2014. (Docket No. 1 at p. 3). The plaintiff's instant complaint was filed on June 5, 2015. (Docket No. 4 at p. 4). Thus, all § 1983 claims arising from events that occurred prior to June 5, 2014, are time barred under the governing one-year statute of limitations. Such claims, therefore, are subject to dismissal. The complaint does not allege any incidents that occurred more recently than February 14, 2014.

**VII.    Conclusion**

As set forth above, the § 1983 claims alleged in the complaint must be dismissed as having been pursued beyond the applicable statute of limitations for such claims. There being no further claims before the court, this action will be dismissed.

An appropriate order will follow.

_____
Kevin H. Sharp
Chief United States District Judge

4